## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MARYANN COTTRELL                      :
and RICHARD HOLLAND,

        Plaintiffs,           :        Civil Action No. 11-610

    v.                               :        **OPINION**

MATT BLATT, INC., d/b/a MATT
BLATT AUTO SALES, d/b/a MATT          :
BLATT SUZUKI; JANE DOE BUSINESS
MANAGER; JOHN DOES 1-4,
        Defendants.           :

**RODRIGUEZ,** Senior District Judge:

      Presently before the Court is Defendants' Motion to Dismiss Plaintiffs'

Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) for lack of

subject matter jurisdiction and failure to state a claim upon which relief can be granted,

respectively.  Plaintiffs Maryann Cottrell and Richard Holland have brought claims

against Defendants Matt Blatt, Inc. and "Jane Doe Business Manager," later identified as

Lisa Hulmes, pursuant to § 12203 of the Americans with Disabilities Act (ADA), 42

U.S.C. § 12181, et seq., and § 10:5-12(d) of the New Jersey Law Against Discrimination

(NJLAD), N.J. STAT. ANN. § 10:5-1, et seq.  For the reasons set forth below, the

Defendants' Motion to Dismiss the Plaintiffs' Complaint will be denied.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

      Plaintiff Cottrell is the mother of a disabled girl, whom she and Plaintiff Holland

care for together.  (Compl. ¶ 8.)  Because of her daughter's severe disability and need for

"constant care and supervision," Ms. Cottrell is legally permitted to park in handicap

parking spaces reserved for disabled people.  (Id. ¶¶ 8-9.)

Plaintiffs describe themselves as longtime advocates for the disabled, and have gained both local and national publicity for their activism.  (Id. ¶ 10.)  Plaintiffs' plan of action includes assessing and documenting handicap access at the public accommodations  Cottrell encounters in her everyday life.  (Id. ¶ 11.)  Cottrell reports the public accommodations that do not maintain handicap accessible parking spaces and/or do not discourage the improper use of handicap parking spaces to the local law enforcement authorities.  (Id. ¶ 12.)  Plaintiffs claim to garner no compensation or any other type of personal benefit for their efforts, other than making handicap parking spaces available for those who need them.  (Id. ¶ 14.)

Defendant Matt Blatt, Inc. is an automobile and motorcycle dealership.  (Id. ¶ 15.) Plaintiffs frequently visited Matt Blatt's car lot and observed vehicles improperly parked in access aisles, parking spaces, and/or passenger loading zones designated for the handicapped.  (Id. ¶ 19.)  Cottrell photographed the vehicles, recorded the license plate numbers, and filed citizens' complaints against the vehicles' owner, Matt Blatt, Inc.  (Id.) Defendant Matt Blatt, Inc. has been convicted of many of the charges that Cottrell has initiated, and has paid a substantial amount of fees as a result.  (Id. ¶ 21.)

On February 2, 2009, Plaintiffs allegedly observed a vehicle without a handicap license plate parked in a handicap space on Matt Blatt's property.  (Id. ¶ 22.)  Plaintiffs approached the vehicle to "investigate and document" it.[1]  (Id. ¶ 22.)  Plaintiffs allege that Defendant Jane Doe, now identified as Lisa Hulmes, presented herself as Defendant

---

[1] Defendants claim that only Cottrell approached the vehicle and that Holland did not enter Matt Blatt's premises at all, but instead remained across the street, stationed outside the car that he shared with Cottrell.  (Br. In Support of Def.'s Mot. to Dismiss p. 15.)

Matt Blatt's business manager and confronted Plaintiffs.  (Id. ¶ 23.)  According to the Complaint, Hulmes "revoked [Plaintiffs'] status as business invitees."  (Id.)

Defendants contest Plaintiffs' allegation that they revoked Plaintiffs' status as business invitees.  Further, as part of the instant motion, Defendants have denied that the Plaintiffs have been "banned" from Matt Blatt's dealership.  (Br. in Support of Def's Mot. to Dismiss p. 2.)  Instead, Defendants allege that they made a "one-time request that Plaintiff Cottrell leave because she was creating a disturbance" and not because Plaintiffs were documenting Defendant Matt Blatt's alleged parking violations.  (Id.)

As part of the Complaint, Plaintiffs allege that Cottrell has shopped at Matt Blatt for cars in the past and would like to do so in the future.  (Compl. ¶ 16.)  Plaintiffs also allege that Holland has shopped at Matt Blatt for cars in the past and would like to do so in the future as well.  (Id. ¶ 17.)  Holland allegedly has a hobby of comparing automobiles and motorcycles offered for sale at local car lots, and purchases, refurbishes, and resells cars from local car dealerships.  (Id.)  Plaintiffs allege that "[f]riends often ask Mr. Holland to help them assess automobiles or motorcycles they are interested in before making purchases."  (Id.)  Defendants contest these assertions, and contend that "[a]t no time have either Ms. Cottrell or Mr. Holland ever made inquiry concerning the purchase of an automobile or motorcycle."  (Br. In Support of Def.'s Mot. to Dismiss p. 4)

On February 2, 2011, Plaintiffs filed a Complaint against Defendants for retaliation in violation of the ADA and the NJLAD.  (Dkt. Entry No. 1.)  In Count I, Plaintiffs seek injunctive relief and attorney's fees, litigation expenses, and costs, pursuant to 42 U.S.C. § 12205 of the ADA.  (Id. paras. a-d.)  In Count II, Plaintiffs seek

injunctive relief, a civil penalty pursuant to N.J. STAT. ANN. § 10:5-14.1, and compensatory damages, punitive damages, attorney's fees, litigation expenses, and costs, pursuant to N.J. STAT. ANN. § 10:15-13; 10:5-27.1.  (Id. paras. a-e.)  In response, on May 18, 2011, Defendants filed the instant Motion to Dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).  (Dkt. Entry No. 5.)

## II. JURISDICTION

This Court has subject matter jurisdiction over Plaintiffs' ADA claim pursuant to 28 U.S.C. § 1331.  This Court has supplemental  subject matter jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367(a).

## III. APPLICABLE STANDARDS

Federal Rule of Civil Procedure 12 governs a court's decision to dismiss a claim based on the pleadings.  See Fed. R. Civ. P. 12.  More specifically, Federal Rule of Civil Procedure 12(b)(1) governs a court's decision to dismiss a claim for "lack of subject matter jurisdiction" and Federal Rule of Civil Procedure 12(b)(6) governs a court's decision to dismiss a claim for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6).

### A. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12 (b)(1) also governs a motion to dismiss for lack of standing, since "standing is a jurisdictional matter." Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007).  Standing "is a threshold jurisdictional requirement, derived from the 'case or controversy' language of Article III of the Constitution." Public Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 117 (3d Cir. 1997).  A plaintiff must establish his or her standing to bring a case in order for the court to possess jurisdiction over his or her claim.  Id.

4

At the pleading stage, the plaintiff can establish standing by demonstrating that (1) he or she "suffered an injury in fact, an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural, or hypothetical"; (2) there is a "causal connection between the injury and the conduct complained of - the injury has to be fairly . . . traceable to the challenged action of the defendant, and not . . . the result of the independent action of some third party not before the court"; and (3) "that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992).

Attacks on a plaintiff's standing may be either facial, in which the plaintiff's claim is attacked on the face of the complaint, or factual, in which "the existence of subject matter jurisdiction is attacked in fact, quite apart from any pleadings." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  In facial attacks, courts must accept the plaintiff's well-pleaded factual allegations regarding standing as true. Id.  However, in factual attacks "[b]ecause at issue . . . is the trial court's jurisdiction . . . there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id.  Thus, the plaintiff's allegations are not presumed to be true, the trial court may "evaluat[e] for itself the merits of the jurisdictional claims," and "the plaintiff will have the burden of proof that jurisdiction does in fact exist." Id.

**B. Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of a complaint based on "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When evaluating the plaintiff's claim, courts must accept the

plaintiff's well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff.  Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).

While the plaintiff need only plead "a short and plain statement of the claim showing that the pleader is entitled to relief," the plaintiff's complaint must nevertheless plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Fed. R. Civ. P. 8(a)(2).  Thus, a complaint must allege facts that "raise a right to relief above the speculative level."  Id. at 555.  The complaint must contain sufficient factual matter to demonstrate that the plaintiff's allegations are not merely possible, but plausible.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

## IV. DISCUSSION

### A. Rule 12(b)(1) Motion

Plaintiffs have established standing to bring a case for retaliation under the ADA and NJLAD against the Defendants.  Therefore, this Court has jurisdiction over their claims and Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) will be denied.

Defendants argued that Plaintiffs lack standing to bring their claim because they cannot demonstrate that they suffered an injury in fact.  Plaintiffs have alleged, however, that they have suffered an injury in fact because "both have had their status as business invitees revoked in retaliation for their efforts to enforce" the ADA and NJLAD.  (Compl. ¶¶ 31; 42.)  In their brief, Defendants claimed "[Plaintiffs] have completely failed to

6

allege what conduct by Ms. Hulmes or any other Matt Blatt employee constituted a 'revocation' of their 'business invitee' status." (Br. In Support of Def.'s Mot. to Dismiss p. 4.) Defendants also denied that a "ban of any kind was issued" and asserted that no adverse action occurred at all. (Id. at 9.) However, in opposition to the motion to dismiss, Plaintiffs produced an audio disc in which a female voice that identifies itself as "the business manager" and that presumably belongs to Lisa Hulmes, is heard saying, "Yes, absolutely am I banning you" to Plaintiff Cottrell on Defendant Matt Blatt's premises. (See Audio Disc at 0:39-41; 0:46-48.) Thus, the disc sufficiently demonstrates that Defendants "banned" Plaintiffs from Defendant Matt Blatt's premises.[2]

Further, Plaintiffs have alleged that they have patronized Defendant Matt Blatt in the past and would like to do so in the future, both for their own shopping needs and to accompany friends. (Compl. ¶¶31; 42.) Plaintiffs argue that because of Defendants' revocation of their business invitee status, they "no longer have the benefit of Defendants' public accommodation." (Id.) Such benefit includes browsing Defendants' inventory, inspecting, pricing, and making an offer to purchase Defendants' cars, and accompanying a friend who is browsing or purchasing a car from Defendants, among others.[3] (Id.)

---

[2] Additionally, the evidence on the audio disc does not support Defendants' contention that Plaintiffs were asked to leave for the day or that Defendants made a "one-time request that Plaintiff Cottrell leave." (Br. in Support of Def's Mot. to Dismiss p. 2.) Instead, as per the female voice's order, Plaintiffs were banned indefinitely. (See, e.g., Audio Disc at 0:46-48 (female, presumably Lisa Hulmes, heard saying "Yes, absolutely am I banning you"); 1:19-1:20 (female, presumably Lisa Hulmes, heard saying to Plaintiff Holland "You're banned from my lot.").)

[3] Plaintiffs also assert that the benefit includes stopping at Defendants' premises to inquire about using the restroom and to ask for directions. (Id.) However, activities

Because Plaintiffs have asseverated prior patronage of and a concrete desire to continue to patronize Defendants, Plaintiffs have demonstrated that they suffered an injury in fact.  See also Cottrell v. Zagami, Civil No. 08-3340, 2010 WL 2652229, at *2 (D.N.J. June 23, 2010) (holding that "[b]ecause Plaintiffs have alleged past patronage and a concrete desire to dine at Defendant's nearby establishment in the future, the Court is satisfied that Plaintiffs have standing to bring this suit").

Both the ADA and NJLAD prohibit retaliation against individuals for opposing conduct prohibited under the acts.  42 U.S.C. § 12203; N.J STAT. ANN. § 10:5-12(d).  To prove standing and bring a prima facie retaliation claim under the ADA and NJLAD, a plaintiff must demonstrate (1) "protected employee activity"; (2) "adverse action by the employer either after or contemporaneous with the employee's protected activity"; and (3) "a causal connection between the employee's protected activity and the employer's adverse action."  Cottrell v. Zagami, Civil No. 08-3340, 2010 WL 2652229, at *2 (D.N.J. June, 23, 2010) (quoting Krouse v. American Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 2007).  Though the elements of a prima facie retaliation claim under the ADA and NJLAD arose in the employment context, they can also be applied to non-employment contexts, such as Plaintiffs' case.  See Cottrell v. Good Wheels, Civil No. 08-1738, 2011 WL 900038, at *5 (D.N.J. Mar. 15, 2011).

Plaintiffs have also proved standing to bring a prima facie retaliation claim under

---

of this kind, "such 'some day' intentions - without any description of concrete plans ... do not support a finding of ... 'actual or imminent' injury."  Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992).  On the other hand, activities such as browsing, shopping, or accompanying a friend on Defendant Matt Blatt's premises do constitute activities that support a finding of actual or imminent injury, because Plaintiffs have allegedly performed those activities in the past and plan to do so in the future.  (Compl. ¶¶ 31; 42.)

the ADA and NJLAD.  First, Plaintiffs have shown that they engaged in protected activity when they were banned from Matt Blatt's premises, namely approaching a vehicle to "investigate and document it" for violation of the ADA and NJLAD.  (Compl. ¶ 22.)  Second, the adverse action by Defendants, banning Plaintiffs from Defendant Matt Blatt's premises, occurred contemporaneously with the Plaintiffs' alleged protected activity of enforcing the ADA and NJLAD.  (Id.)  Finally, a causal connection between Plaintiffs' protected activity and Defendants' adverse action has been alleged, and there is no evidence that Plaintiffs were banned for any activity other than allegedly attempting to enforce the ADA and NJLAD.  (See generally Audio Disc.)  As the injury complained of, being banned from Matt Blatt's premises, would be addressed by a favorable decision, Plaintiffs have satisfied their burden at this stage of the pleadings.

## B. Rule 12(b)(6) Motion

Plaintiffs have stated a claim upon which relief can be granted, namely retaliation in violation of the ADA and NJLAD.  See 42 U.S.C. § 12203; N.J STAT. ANN. § 10:5-12(d).  Therefore, Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), in the alternative, will also be denied.

Accepting as true Plaintiffs' well-pleaded factual allegations and viewing the Complaint in the light most favorable to Plaintiffs, this Court is satisfied that Plaintiffs plead "more than labels and conclusions" and that the Complaint alleges a right to relief above the speculative level.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Cottrell v. Zagami, Civil No. 08-3340, 2010 WL 2652229, at *2 (D.N.J. June 23, 2010).  The Complaint alleges that Plaintiffs "approached [a] vehicle to investigate and document" it for violation of the ADA and NJLAD and that Defendants consequently

revoked Plaintiffs' status as business invitees because they attempted to do so.  (Compl. ¶¶ 22-23.)  Courts in our jurisdiction have held that "at the motion to dismiss stage, alleging that enforcement activities as [sic] a protected activity is sufficient to state a claim for retaliation" and therefore sufficient to defeat a Motion to Dismiss.  See Zagami, 2010 WL 2652229, at *3; Good Wheels, 2011 WL 900038, at *9.  For these same reasons, the Complaint, taken together with Plaintiffs' audio disc, contains sufficient factual matter to demonstrate that Plaintiffs' allegations are plausible and that Defendants may be liable for the misconduct alleged.  See Iqbal, 129 S. Ct. at 1949.

## V. CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss the Plaintiffs' Complaint for lack of standing, or in the alternative, for failure to state a claim, is denied.

An appropriate Order will be entered.


 /s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ
United States District Judge


DATED: July 21, 2011

10